IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHONN TERRENCE TIBBS )
)
v. ) No. 3:19-0998
)
ROBERT C. BRYAN )

**TO: Honorable Eli Richardson, District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered December 19, 2019 (Docket Entry No. 8), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending are: (1) a motion to dismiss filed by Defendant Robert C. Bryan (Docket Entry No. 2); and, (2) a motion to remand filed by Plaintiff Shonn Terrence Tibbs (Docket Entry No. 5). For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion to dismiss be granted in part and denied in part and that the motion to remand be denied, but that this case ultimately be remanded to the Circuit Court for Wilson County, Tennessee, for reasons other than those raised by Plaintiff in his motion.

## I. BACKGROUND

On February 8, 2017, Shonn Terrence Tibbs ("Plaintiff") filed a *pro se* lawsuit in this Court against Robert C. Bryan, the Sheriff of Wilson County, Tennessee ("Defendant" or "Bryan"), and John Wootten, a state court judge. *See Tibbs v. Bryan, et al.*, 3:17-0266 ("2017 Case"). Plaintiff

asserted federal constitutional and statutory claims, as well as state law claims for defamation and false light invasion of privacy. The Court dismissed all federal claims but declined to exercise supplemental jurisdiction over Plaintiff's state law claims against Bryan and dismissed those claims without prejudice. *See* Orders entered June 22, 2017, and February 16, 2018. The judgment was affirmed upon Plaintiff's appeal to the Sixth Circuit Court of Appeals. *See Tibbs v. Bryan*, 2018 7890390 (6th Cir. Dec. 12, 2018).

Plaintiff thereafter filed a *pro se* lawsuit against Bryan in the Circuit Court for Wilson County, Tennessee. *See* Docket Entry No. 1-2. The allegations set out in Plaintiff's state court complaint essentially mirror those made against Bryan in the 2017 Case. Specifically, Plaintiff again alleges that Bryan's conduct (1) denied Plaintiff's "rights guaranteed by the United States Constitution, including but not limited to rights guaranteed by the Fourteenth Amendment" and (2) violated 18 U.S.C. § 242. *See* Docket Entry No. 1-2 at ¶¶ 6 and 7.

In light of the Plaintiff's allegations of violations of the U.S. Constitution and a federal statute, Defendant removed the state case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based on federal question jurisdiction under 28 U.S.C. § 1331. *See* Docket Entry No. 1. Defendant then promptly filed the pending motion to dismiss, raising arguments for dismissal of the case based on *res judicata*, the statute of limitations, a failure to allege a cognizable claim under 28 U.S.C. § 242, and a failure of Plaintiff's complaint to be "saved" under 28 U.S.C. § 1367. *See* Motion to Dismiss.

Plaintiff responded with rebuttal arguments to the motion to dismiss and to removal and with a request that the Court remand the case back to the state court. *See* Docket Entry Nos. 5-6. Plaintiff asserts that his case "is a pure state-law suit for defamation" and that his case deals only with his

2

state law claims, over which the Court declined to exercise supplemental jurisdiction in the 2017 Case. *See* Docket Entry No. 5 at 1-2. Defendant filed a reply, reiterating his arguments for dismissal and disputing that the case was not appropriately removed. *See* Docket Entry No. 7.

Given the *pro se* Plaintiff's statements that he intended to pursue only state law claims, the Court provided him with the opportunity to rectify what appeared to be a poorly drafted complaint by directing him to file an amended complaint "that accurately and clearly sets out the claims he seeks to pursue and that cleans up any drafting errors he may have committed by cutting and pasting allegations that were part of the amended complaint against Bryan in the 2017 Case." *See* Order entered January 31, 2020 (Docket Entry No. 9).

On February 21, 2020, Plaintiff filed his "second amended complaint." *See* Docket Entry No. 10.[1] However, Plaintiff's amended complaint does not cure the pleading issues that were specifically pointed out by the Court and continues to assert the federal claims that have been previously dismissed. *See* Amended Complaint at ¶¶ 8 and 9.

## II. ANALYSIS

Given Plaintiff's clear assertion of federal claims in his original complaint, claims over which this Court has original jurisdiction, Defendant properly removed this case to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 because the case could have been filed in federal court in the first instance. 28 U.S.C. § 1441(a); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 7-8 (1983). A case arises under federal

---

[1] Although Plaintiff styled his amended complaint as a second amended complaint, he has not previously amended his complaint in this case.

law when an issue of federal law appears on the face of a well-pled complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Although Plaintiff argued in response to removal that he intends to pursue only state law claims, the complaint that he filed in state court simply did not reflect this intent and includes federal claims. As previously noted by the Court, if Plaintiff wished to avoid federal jurisdiction, he should have simply written a complaint that did not include allegations of federal constitutional and statutory violations. *See Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007). Plaintiff's argument that Defendant's removal of the case was improper and his request to remand the case, in the form that it was filed by him in state court, lacks any merit whatsoever.

The Court's attempt to permit Plaintiff to revise his complaint to bring it in line with his stated intention to pursue only state law claims was unsuccessful, and Plaintiff's claims against Defendant for federal constitutional violations and for a violation of 18 U.S.C. § 242 are still before the Court.[2] These claims clearly warrant dismissal. As correctly argued by Defendant in his motion to dismiss, *see* Memorandum in Support (Docket Entry No. 3) at 2-4,[3] *res judicata* requires the

---

[2] An amended complaint becomes the legally operative pleading, which ordinarily moots any pending motion to dismiss. However, because Plaintiff's amended complaint was not limited to clearly setting out the state law claims Plaintiff asserts as his only basis for relief, as instructed, the Court finds it appropriate, to the extent necessary, to strike the amended complaint *sua sponte* under Fed. R. Civ. P. 12(f)(1) and rule on the deficiencies in Plaintiff's original complaint.

[3] Defendant's motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff must nonetheless provide factual allegations supporting his claims for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of*

dismissal of these claims that have already been adjudicated and dismissed on the merits by this Court and, upon appeal, by the Sixth Circuit. The doctrine of *res judicata* prevents the relitigation of the claims that have already been decided on the merits between the same parties in a prior case. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). Each of the elements for *res judicata* is satisfied in this case with respect to Plaintiff's federal claims, *see Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009), and the motion to dismiss should be granted to the extent that Defendant seeks dismissal of Plaintiff's federal claims.

Thus, the Court is left with a case that is devoid of any viable federal claims over which original federal question jurisdiction exists and a complaint that asserts only claims sounding in state law. By raising a statute of limitations defense to the state law claims, Defendant requests that the Court proceed to review and dismiss the state law claims.

While the Court has the discretion to assert supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, *Bailey v. U.S.F. Holland, Inc.*, 2015 WL 2125137 at *10 (M.D.Tenn. May 6, 2015) (Trauger, J.), Section 1367, nonetheless, specifically provides that a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). As a general matter, "[a] federal court that has dismissed a plaintiff's federal-law claims should ordinarily not reach the plaintiff's state law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *Wachter, Inc. v. Cabling Innovations, LLC*, 387 F.Supp.3d 830, 843 (M.D. Tenn. 2019). Given that minimal proceedings have occurred in this Court subsequent to removal, that legal issues governed by state law apply to

---

*United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

Plaintiff's remaining claims, and that Plaintiff originally filed this case in state court and is a *pro se* litigant, and for reasons of comity, the Court should decline to exercise continued jurisdiction over this case and should remand the case back to the Circuit Court for Wilson County, Tennessee, for adjudication of Plaintiff's state law claims. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir. 2000) ("We also note that the district court had the authority to remand rather than dismiss [plaintiff's] state-law claims under 28 U.S.C. § 1367(c)."); *Bailey*, 2015 WL 2125137 at *4.

**RECOMMENDATION**

Based on the foregoing, it is respectfully RECOMMENDED that:

1. the motion to dismiss (Docket Entry No. 2) filed by Defendant Robert Bryan be GRANTED with respect to the dismissal of Plaintiff's federal claims, which should be DISMISSED with prejudice and be DENIED without prejudice to being refiled in state court with respect to the state laws claims asserted in the amended complaint;

2. the motion to remand (Docket Entry No. 5) filed by Plaintiff Shonn Terrence Tibbs be DENIED; and,

3. the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state laws claim and REMAND this case back to the Circuit Court for Wilson County, Tennessee, from which it was removed.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within

the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge